**West Madison State Bank, Appellee, v. Joseph A. Mudd, Appellant.**

**Gen. No. 32,373.**

Opinion filed October 11, 1928.

BRADLEY, WILLIAMS, HARPER & FARRELL, for appellant.

WILLIAM H. DELLENBACK, for appellee.

MR. JUSTICE SCANLAN delivered the opinion of the court.

In an action of assumpsit, in the superior court of Cook county, West Madison State Bank, a corporation, plaintiff, sued Joseph A. Mudd, defendant. The case was tried before the court without a jury, the issues were found for the plaintiff and its damages assessed

in the sum of $2,520. Judgment was entered on the finding and this appeal followed.

The present case and the case of *West Madison State Bank v. Joseph A. Mudd and B. H. Lancaster, post,* p. 636, were tried together in the lower court, and it has been suggested that the two cases be considered together in this court. The claim of the plaintiff in both cases is based upon the same form of guaranty. The plaintiff and the maker of all of the notes involved in both cases are the same, and a thorough understanding of each case can best be reached by a consideration of the facts in both cases. In *West Madison State Bank v. Joseph A. Mudd and B. H. Lancaster, post,* p. 636, we have made a somewhat extensive statement of the facts bearing upon all the transactions between the plaintiff and the Chicago Motor Sales Company, and to avoid repetition we refer to the opinion in that case and make the same, so far as it is applicable to the instant case, a part of this opinion.

The declaration in the present case alleges that the Chicago Motor Sales Company, on November 1, 1923, executed its promissory note for $2,500, payable to the order of the plaintiff, which note was renewed February 29, 1924, July 1, 1924, and November 5, 1924; that the Chicago Motor Sales Company, on January 23, 1924, executed its promissory note for the sum of $1,500, which note was renewed April 26, 1924, and July 28, 1924; that neither of said notes or renewals were paid when due and that the Chicago Motor Sales Company, on November 5, 1924, executed its promissory note, payable to the order of the plaintiff, for $4,000, which note was renewed from time to time and became due and payable 30 days after July 3, 1925, with interest at 7 per cent; that on December 22, 1924, the defendant made and executed a written instrument guaranteeing the payment of said sums of money and said promissory note if the said Chicago Motor Sales

Company should not pay the same, which instrument reads as follows:

"West Madison State Bank,
4011 W. Madison St.
Chicago, Illinois.

"For value received, the undersigned and each of the undersigned, hereby become a party to, adopt, agree to, accept, guarantee and assume all the terms, conditions contained in the note or notes signed by the Chicago Motor Sales Company, by Frank X. Mudd, Jr., and Ray Lancaster and by them endorsed up to $5,000.00.

"We hereby guarantee the payment of said note at maturity and consent without notice of any kind to any and all extensions of time made by the holder of said note or notes.

(Signed) Jos. A. Mudd."

The declaration further alleges that payments have been made on the note for $4,000 and that there is now due on the same a balance of $2,281.58 and interest from date; that defendant has failed to pay the same, etc.

The guaranty which is the basis of plaintiff's claim in the instant case was signed December 22, 1924. So far as concerns the present suit, the only note of the sales company in existence on that date was the one of November 5, 1924, for $4,000. This note bore the indorsement of Frank X. Mudd, Jr., and Ray Lancaster. Adhering to our ruling in the case of *West Madison State Bank v. Joseph A. Mudd and B. H. Lancaster*, *post*, p. 636, we hold that the contract of guaranty in the instant case guaranteed only the payment of that note "and all extensions of time made by the holder of said note." The note of November 5, 1924, matured February 3, 1925, at which time the bank canceled it and surrendered it to the sales company. On February 4, 1925, the sales company executed a new note for $4,000, payable to the bank and maturing May 4, 1925.

This note also bore the indorsements of Frank X. Mudd II, and Ray Lancaster. On May 4, 1925, the bank canceled this note and surrendered it to the sales company and on the same date the sales company signed a new note for $4,000, payable to the bank and maturing July 3, 1925. This note also bore the indorsements of Frank X. Mudd II, and Raymond Lancaster. On July 8, 1925, the sales company paid $100 on this last note and on July 9, 1925, it signed a new note for $3,900, dated July 3, 1925, payable to the bank and maturing August 3, 1925. This new note was signed "Chicago Motor Sales Co., Frank X. Mudd II, Pres., Raym. Lancaster, Sec. & Tres." This note was not indorsed by Mudd nor Lancaster. The note of May 4, 1925, was canceled on July 9, 1925, but, according to the testimony of the plaintiff, was held by the bank until it could secure the indorsements of Mudd and Lancaster to the note of July 3, 1925. Although Mudd and Lancaster, as officers of the sales company, signed the note for $3,900 when the same was executed, the bank did not require Mudd nor Lancaster, as individuals, to indorse the same, and it never secured their indorsements to that note. Thereafter the sales company made a number of payments, aggregating $1,618.42, on this note.

The defendant contends that under all the facts it must be held, at least as to the defendant, the guarantor, that the note of November 5, 1924, for $4,000, was paid. The giving of a new note is prima facie payment of the original debt. (*Trego v. Estate of Cunningham,* 267 Ill. 367, 375.) Of course, this presumption may be rebutted.

The plaintiff is a bank and familiar with transactions involving negotiable instruments and guaranties, and this is a circumstance that must be considered, together with all the evidence bearing upon the question, in determining the present contention. The sales company had a checking account with the plaintiff and in

its dealings with the sales company it was the practice of the bank, when a note of that company matured, to receive from the company a check drawn upon that account for the amount due on the note. On all occasions, save one, when notes matured they were canceled and delivered back to the sales company. The exception happened on July 9, 1925, when the note of May 4, 1925, was canceled by the bank but not returned to the sales company. While the record does not show the state of the checking account of the sales company when each note of that company fell due, there is evidence that on several occasions when its notes matured it had an amount to its credit sufficiently large to meet its checks. Sometimes a so-called renewal note was not executed for several days after the prior note had been canceled and surrendered to the sales company. The original notes upon which the claim of the plaintiff in the present suit is based were the one of October 24, 1923, for $1,500, and the one of November 1, 1923, for $2,500, yet the principal witness for the bank testified that when the note of November 1, 1923, for $2,500 fell due on February 27, 1924, it was actually paid on that date and was so marked. Thereupon the trial court called the attention of the counsel and the witness to the fact that there was a difference between a renewal of a note and a payment of a note, and thereafter the witness appears to have carefully avoided the use of the term "paid" in his evidence. This witness also admitted that the note falling due March 10, 1924, was marked paid by the bank. If the bank on July 3, 1925, considered the note of November 5, 1924, unpaid, and the guaranty of the defendant still in force as to the same, we cannot understand why it accepted the note for $3,900 on July 9, 1925, without requiring the indorsements of Mudd and Lancaster. After a careful consideration of the many facts and circumstances in the record bearing upon the instant contention, we have reached the conclusion that as to

the defendant, the guarantor, the note of November 5, 1924, must be considered as paid.

The defendant contends that the instrument upon which the plaintiff seeks to bind the defendant guaranteed the payment of the note of November 5, 1924, only, and gave the bank the right to make extensions of time in the payment of said note. So far as concerns the instant case there was but this one note in existence at the time of the making of the guaranty, and when the words in the instrument in relation to the extensions of time are construed strictly, as they must be in the case of a guarantor, they mean that the bank had the right to make extensions of time in the payment of that note. It would be reading into the instrument something that is not there to hold that the defendant guaranteed the payment of the alleged "renewal" notes shown in the record. Certainly, as to the defendant, the guarantor, the alleged "renewals" are not the extensions of time for the payment of the note of November 5, 1924, contemplated by the guaranty. "The verb *to extend* implies far less in this connection than the verb *to renew,* found in other cases. In fact it has nothing of the same strength and significance. *To extend* is to draw forth or stretch; to prolong; to protract; to continue. *To renew* signifies to make over; to make anew; to give new life to; to restore; to recreate; to rebuild." (*Orton v. Noonan,* 27 Wis. 272, 282–3.) "The word 'renewed' may properly be used to express an agreement on the part of the maker of a note, but is quite out of place as expressing an agreement on the part of the payee extending the time of payment." (*Brenneke v. Smallman,* 2 Cal. App. 306, 310; 83 Pac. 302, 304.) Bouvier thus defines the term "renewal": "A change of something old for something new; as, the renewal of a note." The law is well settled that the undertaking of a guarantor is to be strictly construed and that his liability is not to be extended by construction. We are of the opinion that the

present contention of the defendant is a meritorious one.

The guaranty provided that the note or notes of the sales company should be indorsed by Frank X. Mudd, Jr., and Ray Lancaster, and the note of July 3, 1925, upon which this suit is brought, was not indorsed by them or either of them, and the defendant contends that, regardless of the other contentions raised by him, if the plaintiff desired to hold the defendant under the guaranty it was incumbent upon it, when it accepted the note of July 3, 1925, to have the same indorsed by Mudd and Lancaster; that the indorsement of this note by Mudd and Lancaster would have made them co-guarantors with the defendant, and that the failure of the bank to secure such indorsements materially affected the rights of the defendant in the matter of the payment of the note; that the indorsement of the note by Mudd and Lancaster was a condition precedent to the fixing of any liability of the guarantor, and the defendant strenuously argues that, regardless of all the other questions presented, the failure of the defendant to perform this essential condition of the contract of guaranty raises an absolute defense to the plaintiff's claim. The plaintiff makes but a feeble answer to this contention, and we are satisfied that the position of the defendant is a meritorious one.

After a careful consideration of the questions involved in the present appeal, we have reached the conclusion that the guaranty in the present case does not, as a matter of law, guarantee the payment of the note sued upon in the declaration of the plaintiff.

The judgment of the superior court of Cook county is reversed.

*Reversed.*

GRIDLEY, P. J., and BARNES, J., concur.