**William A. Hart and Nancy S. Hart, Plaintiffs-Appellants, v. Thomas J. Moran, Defendant-Appellee.**

**Gen. No. 53,120.**

First District, Fourth Division.

April 2, 1969.

Henehan, Donovan & Isaacson, of Chicago (Malcolm W. Burnett, Jr., of counsel), for appellants.

No brief for appellee.

MR. PRESIDING JUSTICE DRUCKER delivered the opinion of the court.

This is an appeal by Nancy Hart as Special Administrator for William A. Hart, Jr., deceased, and individually from a judgment entered in favor of defendant after a bench trial. She contends that the court erred in sustaining the defense that defendant's obligation on a written guarantee had been released. Defendant has not filed an appearance or brief in this court. On January 25, 1968, Nancy Hart was appointed Special Administrator for William A. Hart, deceased.

The following facts are not disputed. William A. Hart loaned $10,000 to H. & T. Motor Sales, Inc., on March 12, 1962. The loan was evidenced by a note of the corporation and was guaranteed by defendant personally. The note was dated March 12, 1962, and was payable to Wil-

liam A. Hart, Jr. or Nancy Hart on or before two years from its date with interest at twelve percent per annum until paid. At that time Hart owned no stock in H. & T. Motor Sales, Inc. Thereafter, in May, Hart became the owner of 40% of that stock. In June of that year Felz Motor Sales, Inc., was formed, absorbed the assets of H. & T. and conducted business at the latter's location. Hart owned 40% of Felz and defendant, 60%. In September 1962, Hart purchased defendant's stock in Felz and the corporate name was changed to Hark Motor Sales, Inc. In January 1963 an agreement was entered into between Hart and defendant which provided in part that:

4. Hart agrees to protect, save harmless, defend and indemnify Moran against all actions, claims, demands, suits, judgments and liabilities of every kind and nature which may arise against, be imposed upon, or incurred by Moran in his individual capacity, as a consequence of, or arising out of, any act, sale, default, negligence or omission, willful or otherwise, on the part of *Hart or Hark Motor Sales, Inc.*, their agents and employees, *during the operation of said dealership by Hart and Hark Motor Sales, Inc.*, and to reimburse Moran for any and all expenses and costs, including attorney's fees, which Moran may incur by reason of any such actions, claims, demands, suits, judgments or liabilities, or in defending himself in, or in settling any suit or litigation to which he may be made a party as a consequence of any act or thing done by Hart or Hark Motor Sales, Inc. (Emphasis supplied.)

5. Moran agrees to protect, save harmless, defend and indemnify Hart against all actions, claims, demands, suits, judgments and liabilities of every kind and nature which may arise against, be imposed upon, or incurred by Hart in his individual capacity, as a consequence of, or arising out of, any act, sale, default, negligence or omission, willful or

otherwise, on the part of *Moran or H & T Motor Sales, Inc.,* their agents and employees, *during the operation of said dealership by Moran and H & T Motor Sales, Inc.,* and to reimburse Hart for any and all expenses and costs, including attorney's fees, which Hart may incur by reason of any such actions, claims, demands, suits, judgments or liabilities, or in defending himself in, or in settling any suit or litigation to which he may be made a party as a consequence of any act or thing done by Moran or H & T Motor Sales, Inc. (Emphasis supplied.)

Defendant claims that the purpose of the agreement was that there be a general release by both parties of any liabilities arising from the operation of their various business enterprises and that a release of his obligation of guarantee was included. A careful scrutiny of the agreement, however, discloses that the release by Hart related only to the acts of Hart or Hark Motor Sales, Inc., or their agents *during the operation of that dealership.* Since the guarantee was executed by defendant during his sole operation of H. & T. we cannot determine that the release signed by Hart absolved defendant from liability on his guarantee.

The answer to defendant's claim that the intention of the agreement was to relieve him of liability on the guarantee is found in the language of Armstrong Paint & Varnish Works v. Continental Can Co., 301 Ill 102, 106, 133 NE 711:

But the contentions of the parties to the contract are not the criterion which should guide the court in determining whether the written contract is a full expression of the agreement of the parties. The court must determine this from the writing itself. If it imports on its face to be a complete expression of the whole agreement,—that is, contains such language as imports a complete legal obligation,—it is to be

141

presumed that the parties introduced into it every material item and term, and parol evidence cannot be admitted to add another term to the agreement although the writing contains nothing on the particular term to which the parol evidence is directed.

Plaintiffs also argue that since the note is payable to William A. Hart *or* Nancy Hart, judgment should be entered in her favor individually since the defense of release did not apply to her and no defense has been made to her claim.

We find that the court erred in entering judgment for defendant and the judgment is reversed.

Since the note is payable to William A. Hart, Jr. or Nancy Hart, the cause is remanded to the Circuit Court with directions to enter judgment in the sum of $10,000 plus interest from March 12, 1962, in favor of either Nancy Hart, Special Administrator for William A. Hart, deceased, or Nancy Hart, individually, as the plaintiffs may elect.

Reversed and remanded with directions.

ENGLISH and STAMOS, JJ., concur.