**OLIN CORPORATION, Plaintiff,**

v.

**John ASPINWALL, Defendant.**

**No. 73 C 70.**

United States District Court,
N. D. Illinois.

Oct. 30, 1974.

Joel Haber, James Chatz and Sheldon R. Waxman, Chatz, Sugarman & Abrams, Chicago, Ill., for plaintiff.

Tomas M. Magdich, Gunner, Keller & Magdich, Dixon, Ill., for defendant.

MEMORANDUM OPINION
AND ORDER

BAUER, District Judge.

This cause comes before the Court on plaintiff's motion for a summary judgment. This is a contract action in which plaintiff's complaint alleges that the defendant is liable to Olin Corporation under a personal guaranty executed by John Aspinwall for an amount of goods purchased by Harbach Farm Supply, Inc. At the time of the purchase and execution of the personal guaranty, Aspinwall was an officer and shareholder of Harbach Farm Supply, Inc.

Apparently there were only two persons present when the guaranty was executed, the defendant and Jack L.

Naylor, an agent and employee of Olin Corporation. The depositions of both individuals were taken and attached to the memoranda submitted to the Court. The Court has reviewed the depositions and defendant's amended answer.

The fact that Aspinwall executed the guaranty in April of 1969 is uncontested. The guaranty * was a typical agreement used by dealers to insure payment when they extend credit to a small or new company. Basically such an agreement provides that the signor will be personally responsible for the amount of credit extended or incurred in the event that the company should go bankrupt. Usually such a personal guaranty is sought from the principle shareholders of the company.

In April of 1969 Aspinwall was the Vice-President of the corporation. His father-in-law, Lawrence Harbach, was the President of the corporation and owned two-thirds of the stock. Aspin-

wall owned the remaining one-third. He contends that he signed the personal guaranty with the understanding that his father-in-law would also make the same guaranty. However, Olin Corporation only obtained the personal guaranty of Aspinwall.

Harbach Supply Inc. was adjudicated a bankrupt on March 29, 1973, in the United States District Court for the Northern District of Illinois, case No. 73 B 205. Then plaintiff sought to enforce the personal guaranty it had received from Aspinwall. However, the defendant refused to pay the debt incurred by the company. He claims that the personal guaranty was invalid because he entered the contract of guaranty only after being informed that Harbach's president, his father-in-law, Lawrence Harbach, would also execute the same agreement. He argues that Harbach's execution of the same agreement was a condition precedent to liability under the guaranty contract.

---

* The provisions of the General Personal Guaranty are as follows:

"For one dollar, and other good and valuable consideration, receipt of which is hereby acknowledged, the undersigned hereby guarantees to Olin Mathieson Chemical Corporation its successors and assigns, the full, prompt and complete payment at maturity of any indebtedness of Harbach Farm Supply, Inc. (hereinafter called the 'debtor') for merchandise heretofore or hereafter sold or consigned to the debtor by Olin Mathieson Chemical Corporation or its successors, togehter with lawful interest from date of maturity, and together with all expenses of collection from the undersigned or from parties otherwise liable, including costs and attorneys' fees.

This guaranty shall be directly enforceable against the undersigned without resorting to parties otherwise liable or exhausting any or all remedies against them. This is an unconditional, absolute and continuing guaranty and shall remain in full force and effect until written notice to extend no further credit on the security of this guaranty, or of the death of the undersigned, is received by Olin Mathieson Chemical Corporation. Any such notice shall be ineffective as to any indebtedness existing at the time of receipt thereof and as to any transaction or commitment undertaken prior to such time. This guaranty shall also run to any subsidiary of Olin Mathieson Chemical Corporation with respect to indebtedness heretofore or hereafter incurred

by the debtor for merchandise sold or consigned to the debtor by such subsidiary.

Any indulgences, renewals or extensions shall not release the undersigned as guarantor hereunder. The undersigned hereby waives: (i) notice of default in the performance of and notice of maturity and non-payment of any and all indebtedness secured hereby, (ii) demand, protest and notice of default in payment of all notes, acceptances, and other obligations secured hereby, (iii) notice of acceptance of this guaranty and (iv) the benefit of all homestead exemption laws. Should any one or more provisions of this guaranty be determined to be illegal or unenforceable, all other provisions nevertheless shall remain in full force and effect. This guaranty shall be and continue effective notwithstanding any legal disability of the debtor to incur the indebtedness or obligation, in whole or in part.

If this guaranty is signed at the same time or at different times by two or more individuals as guarantors, their obligations hereunder shall be joint and several, and if Olin Mathieson Chemical Corporation receives written notice as contemplated by the second paragraph hereof from or with respect to any one guarantor, or releases any one guarantor wholly or in part (with or without notice to the other guarantor(s)), the obligations of the other guarantor(s) hereunder shall remain in full force and effect."

Plaintiff seeks a summary judgment on the issue of liability claiming that there is no material question of law or fact and since presentation of evidence concerning Harbach's execution of the same guaranty contract would be barred by the rule against parol evidence.

On the other hand the defendant submits that parol evidence is admissible from the defendant on his contention that the guaranty was supposed to be signed by Lawrence Harbach. Since the parol evidence rule does not foreclose this particular testimony there remains a question of fact to be decided by the jury.

■ The Court is of the opinion that there is no material question of fact or law since the rule against parol evidence would prohibit the introduction of evidence as to Aspinwall's understanding that Harbach would also execute the guaranty.

Defendant argues that where one guarantor's signature is conditioned upon the signing by other parties as guarantors, he is not bound unless the others sign. In support of his argument he cites West Madison Bank v. Mudd, 250 Ill.App. 258 (1928). However, the cited case is inappropriate to defendant's argument In *West Madison Bank,* defendant, Joseph Mudd, signed an instrument guaranteeing to pay all promissory notes signed by both Ray Lancaster and Frank Mudd, if the Chicago Motor Sales Company did not pay same. Plaintiff brought suit upon a note which was not paid by Chicago Motor. This note was not signed by both Joseph Mudd and Lancaster. The Court found the defendant free of liability under the guaranty because the promissory note was not signed in the manner mandated by the guaranty. As stated by the Court:

"The indorsement of the note by Mudd and Lancaster was a condition precedent to the fixing of any liability of the guarantor, and . . . regardless of all the other questions presented, the failure of the defendant to perform the essential condition of the contract of guaranty raises an absolute defense to the plaintiff's claim" 250 Ill.App. at 265.

This is not what is at controversy here. If the guaranty in dispute here had expressly provided that Aspinwall's liability on the guaranty was conditioned on the additional signature of Lawrence Harbach, then there would be a material question as to whether liability attached. However, the guaranty does not so state.

If this cause goes to trial, defendant will seek to introduce testimony as to the alleged condition precedent which will be at variance with the terms of a clear and unambiguous document. In the deposition of defendant attached to plaintiff's motion for summary judgment as Exhibit "C", he admits the genuineness and execution of the guaranty. He also admits that he knew the purpose of said guaranty. Defendant further admits that plaintiff would not deliver any goods unless the guaranty was executed.

Defendant cannot violate the parol evidence rule by altering the terms of a document which is clear and unambiguous. Hart v. Moran, 108 Ill.App.2d 139, 246 N.E.2d 820 (1st Dist. 1969); Armstrong Paint v. Continental Can, 301 Ill. 102, 133 N.E. 711 (1922). Defendant must stand by the legal obligation which he has voluntarily brought upon himself. In Castle v. Powell, 261 Ill. App. 132 (1931), defendants sought to escape liability under the terms of an unambiguous guaranty which they had executed. The Court stated:

"The contract of guaranty must be considered and interpreted as a whole and from it, as a whole, must be gathered the intention of the parties. It must be construed by and from its own terms and provisions, as far as they furnish a guide; the contract should be construed so as to make it effective and enforceable where it can be done without violence to the intent of the parties to be gathered within the language of the four corners of the writing [citing cases] . . . .
The contentions of the parties to the contract are not the criterion which should guide the court in determining

whether the written contract is a full expression of the agreement of the parties. The Court must determine this from the writing itself. [citing cases]" 261 Ill.App. at 140–141.

The fact that defendant admits that plaintiff would not deliver any goods unless the guaranty was executed indicates that there was no fraud in the inducement. Fraud in the inducement would be something that goes to the very heart of the agreement itself, not, as here, an attempt to alter or vary the terms of the agreement.

Accordingly, plaintiff's motion for summary judgment is hereby granted.