Edward J. WILSMANN, Plaintiff,

v.

Warren C. STEARNS, et al., Defendants.

No. 86 C 5973.

United States District Court, N.D. Illinois, E.D.

July 8, 1987.

As Amended Oct. 15, 1987.

See also, 116 F.R.D. 166.

---

Leon E. Lindenbaum, Walsh, Case, Coale & Brown, Chicago, Ill., for defendant Robert O. Case.

## MEMORANDUM ORDER

BUA, District Judge.

Before this court are multiple motions brought by multiple defendants for summary judgment, to dismiss, and for sanctions. Plaintiff's eight count complaint sets forth claims based on breach of contract, fraud, and various statutory violations. Initially, these motions were sent to a magistrate for a report and recommendation; the magistrate recommended granting these motions.

For the reasons stated below, this court rejects the magistrate's reports and recommendations. This court denies the joint motions brought by Warren Stearns, Walters, Blanchard, Altorfer and Upjohn for summary judgment and for sanctions. This court grants these defendants' motion to dismiss the RICO claim in Count IV. In addition, Robert Case's motion for summary judgment is denied. Finally, this court denies Lockwood Company's motion to dismiss.

## PLAINTIFF'S ALLEGATIONS

The plaintiff was the President, Treasurer, Chief Executive Officer, Chairman of the Board, and a director of Medical Homecare, Inc. ("MHI"). MHI was incorporated in February of 1983 and served the health care industry. Defendants Stearns, Walters, Blanchard, Altorfer and Upjohn were nonmanagement directors of MHI. (These defendants will be referred to collectively as the "Stearns" defendants). Defendant Case served as Secretary of MHI.

The Stearns defendants and Case had been given the right to subscribe to limited amounts of stock in MHI when MHI was formed. The parties refer to this stock as "founders shares." The plaintiff was a holder of 2,065,500 of these founders shares.

Richard C. Walsh, Walsh, Miller, Rayman & Langeland, Kalamazoo, Mich., for plaintiff.

Robin J. Omahana, Coffield, Ungaretti, Harris & Slavin, Chicago, Ill., for defendants.

The plaintiff alleges a special meeting of the board of directors of MHI was held on June 10, 1984. Plaintiff alleges that the meeting was called to discuss the board's concern about the possibility of a shareholder derivative suit due to MHI's poor financial status. Plaintiff alleges that defendant Case, an attorney specializing in SEC matters, commented on the likelihood of a shareholder derivative suit against the board. Case allegedly declared that the probability of a shareholder derivative suit against the board would "drop tremendously" if the directors returned their founders shares to the corporation.

The plaintiff alleges that all of the founders were then asked by Warren Stearns if they would turn in their shares and that all those attending the special meeting agreed to turn in their shares with two exceptions. John Scott Campbell ("Campbell"), a Vice President and Director, agreed to turn in his shares subject to his wife's approval. Plaintiff agreed to turn in his shares subject to his ability to get them released from a bank which held them as collateral for a loan. At the June 10 meeting, plaintiff and Campbell were removed from their posts as officers and employees of MHI. Both were asked to resign as directors, but plaintiff refused.

Plaintiff alleges that his duty to turn in his shares to MHI was conditioned upon the return of the founders shares by the remaining directors and Case. Plaintiff contends that on June 17, 1984, the founders held a telephonic conference with those who were present at the June 10 meeting, except defendant John H. Altorfer and J. Scott Campbell. Plaintiff further contends that at this meeting a motion was made to formalize and ratify the previous oral agreement to return the founders shares and that defendant Case was ordered to draft a contract memorializing this oral agreement.

Plaintiff alleges he received a contract dated June 21, 1984, which was designed to memorialize the agreement. The letter stated in part: "it is understood that the agreement between each Owner and the Company is not dependent upon completion of agreements between all holders of founders stock and the Company i.e., the obligation to transfer as directed is joint and several."

Plaintiff claims this letter did not accurately reflect the agreement of June 10 and 17, since he contends that the founders agreed that each individual would turn in his shares only if all the founders at the June 10 and 17 meetings turned in their shares. Plaintiff allegedly contacted Case to discuss the implication of the contractual phrase "joint and several" obligation. Plaintiff maintains Case told him that that contracted term must be included in the contract because Case was not sure that fellow director Campbell would return his founder shares and the contractual term maintained a duty upon the remaining founders to return their shares even if Campbell refused to return his shares. Allegedly satisfied, plaintiff signed the contract.

On June 29, 1984, MHI demanded that plaintiff return his 1,482,500 shares of founders stock. The remaining 580,000 shares were still held by a bank as collateral for a loan made to plaintiff. Plaintiff returned 1,482,500 of his shares on July 3, 1984. None of the other owners of the founders shares returned any shares.

Plaintiff alleges that the parties orally agreed that all owners of founders shares would turn in their shares to the company. Plaintiff contends that the unilateral demand upon him to turn in his shares violated the oral agreement reached between the parties on June 10 and 17, 1984. Most importantly, plaintiff asserts that the defendants fraudulently induced him to turn in his shares by misrepresenting that they would turn in their own founders shares.

## DISCUSSION

### 1. The Stearns Defendants' Motion for Summary Judgment

#### A. Alleged Breach of Contract

The magistrate has lumped together all of plaintiff's contract related claims.

These claims seek both damages and the return of plaintiff's founders shares. For convenience, the magistrate analyzed these claims collectively. This court will conduct a similar analysis but render a different conclusion.

The Illinois courts have long since established the law of contracts relating to the parol evidence rule. When a contract embodies the complete expression of the parties' intent, parol or extrinsic evidence may not be used to alter, contradict, or limit the contractual terms in any fashion. *Storybook Homes, Inc. v. Carlson*, 19 Ill.App.3d 579, 582, 312 N.E.2d 27, 29 (1974). If the contract imports on its face to be a complete expression of the whole agreement, the court presumes that the parties introduced into the contract every material item, and parol evidence cannot be admitted to add another term to the agreement. *Pecora v. Szabo*, 94 Ill.App.3d 57, 63, 49 Ill. Dec. 577, 581–82, 418 N.E.2d 431, 435–36 (1981). However, if the contract is ambiguous as a matter of law, then extrinsic and parol evidence is admissible to the trier of fact to explain the terms of the ambiguous contract. *Storybook Homes v. Carlson*, 19 Ill.App.3d 579, 582, 312 N.E.2d 27 (1974). In determining whether an ambiguity exists as a matter of law, the trial court may consider parol and extrinsic evidence. *URS Corp. v. Ash*, 101 Ill.App.3d 229, 235, 56 Ill.Dec. 749, 754, 427 N.E.2d 1295, 1300 (1981). The Illinois courts have defined ambiguous contract as "one capable of being understood in more senses than one; an agreement obscure in meaning, through indefiniteness of expressing, or having a double meaning." *Advertising Checking Bureau v. Canal Randolph Assoc.*, 101 Ill.App.3d 143–44, 56 Ill.Dec. 634, 637, 427 N.E.2d 1039, 1042 (1981).

The Illinois courts have also acknowledged an exception to the general bar that prohibits parties from admitting parol evidence to alter unambiguous agreements. A party may introduce extrinsic or parol evidence to prove fraud in the inducement of the contract. *Shanahan v. Schindler*, 63 Ill.App.3d 82, 94–95, 20 Ill.Dec. 239, 248–49, 379 N.E.2d 1307, 1316–17 (1978); *Lovejoy Electronics, Inc. v. O'Berto*, 616 F.Supp. 1464, 1468 (N.D.Ill.1985). Fraud that induces a party to enter into a contract "goes to the very heart of the agreement itself", *Olin Corp. v. Aspinwall*, 384 F.Supp. 773, 776 (N.D.Ill.1974), vitiating the mutual assent necessary to the creation of a valid contract.

A U.S. District Court for the Northern District of Illinois applied these rules of law in *Lovejoy Electronics, Inc. v. O'Berto*, 616 F.Supp. 1464 (N.D.Ill.1985). In *Lovejoy*, defendant-counterplaintiff filed a breach of contract claim against plaintiff-counterdefendant. Counterplaintiff and counterdefendant allegedly engaged in negotiations wherein counterdefendant made representations that a future contract to be entered into between counterdefendant and a third party would include a provision requiring the third party to pay royalties to counterplaintiff. Counterplaintiff offered parol evidence to support her allegation. Counterplaintiff argued that it was fraudulently induced to enter a subsequent written contract with counterdefendant that omitted language relating to future royalty provisions. Counterplaintiff was fraudulently induced because counterdefendant never intended to incorporate into its agreement with the third party a provision requiring the third party to pay royalties to counterplaintiff.

The *Lovejoy* counterdefendant argued the contract between it and counterplaintiff contained no provision that required counterdefendant to include a royalty provision in the subsequent contract between counterdefendant and the third party. Furthermore, counterdefendant notes that the agreement between it and counterplaintiff contained a provision that stated the contract as signed represented the entire expression of the parties' intent and that it supersedes all prior contracts, agreements, understandings and communications. Consequently, counterdefendant argued that the contract is an integrated writing that may not be supplemented by extrinsic or parol evidence. Therefore, counterdefendant was not obligated to incorporate a provision in its contract with the third par-

ty that obligates the third party to pay royalties to counterplaintiff.

The *Lovejoy* court rejected counterdefendant's argument regarding the integrated writing provision. The *Lovejoy* court believed intrinsic or parol evidence was admissible to establish fraud in the inducement of the contract between counterplaintiff and counterdefendant. Moreover, the court held that the admission of the parol evidence created an issue of material fact regarding the counterdefendant's obligation to procure the third party's agreement to pay counterplaintiff. Necessarily, the court denied counterdefendant's motion for summary judgment.

█ This court is confronted by alleged facts similar to those facts before the *Lovejoy* court. The instant plaintiff claims he was fraudulently induced by the Stearns defendants to enter into the contract. The Sterns defendants allegedly fraudulently induced plaintiff by making misrepresentations regarding defendants' intent to return their founders shares to the company. Plaintiff maintains he would not have signed the contract agreeing to return his stock had the other stockholders not misrepresented their intent to retain their own stock. In response, defendant Stearns asserts that the admission of parol evidence relating to the alleged misrepresentation is barred by the parol evidence rule since the contract between plaintiff and Stearns embodies the complete expression of the parties' intent, and the contract includes a unilateral duty to return the founders shares.

Following the *Lovejoy* court's application of Illinois law, this court holds that plaintiff is entitled to submit parol evidence to establish fraudulent inducement. The introduction of this extrinsic or parol evidence may result in the voiding of the contract since fraud in the inducement of a contract vitiates the mutual assent necessary between parties to the creation of a valid contract. Absent a valid contract, plaintiff would have had no duty to deliver his founders shares to the company and may be entitled to their return.

█ The potential existence of fraud in the inducement creates an issue of material fact to be resolved by the trier of fact. Plaintiff swears he was fraudulently induced to sign the contract requiring him to return his shares; Stearns states otherwise. Such disputes are not amenable to summary adjudication. Plaintiff's contract claims cannot be resolved until this court resolves the question of fraudulent inducement.

The magistrate reached a different conclusion based on its determination that plaintiff was not fraudulently induced into entering the contract. The next section of this opinion presents this court's holding that plaintiff stated a cognizable claim for fraudulent inducement. Consequently, this court reaches a different conclusion and rejects the magistrate's report and recommendation granting the Stearns defendants' motion for summary judgment. Accordingly, this court denies the Stearns defendants' motion for summary judgment.

### B. Alleged Fraudulent Misrepresentation

█ Plaintiff argues that the Stearns defendants' alleged promises to return their founders shares were false misrepresentations that induced him to return his shares to the company. In response, the Stearns defendants contend that plaintiff cannot establish a fraud claim because the alleged misrepresentations related to *future* conduct by the Stearns defendants, not present conditions of fact.

To establish a prima facie case of fraudulent misrepresentation, the following elements must be proven: (1) material misrepresentation of fact made by defendant; (2) scienter; (3) an intent to induce plaintiff's reliance upon the misrepresentation; (4) causation; (5) justifiable reliance by plaintiff upon the misrepresentation; and (6) damages resulting from misrepresentation. *Soules v. General Motors Corp.*, 79 Ill.2d 282, 286, 37 Ill.Dec. 597, 599, 402 N.E.2d 599, 601 (1980); *Higgins v. Kleronomos*, 121 Ill.App.3d 316, 76 Ill.Dec. 913, 917, 459 N.E.2d 1048, 1052 (1984).

The Stearns defendants attack the alleged absence of the first requirement that defendants made a material misrepresentation of fact. The Stearns defendants' argu-

ment rests on an application of the general rule in fraud cases. The general rule in Illinois is that a promise made without intent to perform is not a misrepresentation. *Steinberg v. Chicago Medical School,* 69 Ill.2d 320, 334, 13 Ill.Dec. 699, 706, 371 N.E.2d 634, 641 (1977). Illinois courts are reluctant to entertain actions for "promissory fraud." A recognized exception exists, however, when the false representation is "alleged to be the scheme employed to accomplish the fraud." *Id.* at 334, 371 N.E.2d at 641; *Lovejoy Electronics, Inc. v. O'Berto,* 616 F.Supp. 1464, 1468 (N.D.Ill. 1985).

Both the *Lovejoy* court in the Northern District and an Illinois Appellate Court employed the "scheme or device" exception to permit recovery on substantially similar sets of facts. In *Vance Pearson, Inc. v. Alexander,* 86 Ill.App.3d 1105, 42 Ill.Dec. 204, 408 N.E.2d 782 (1980), the defendant agreed to install a set of truck scales on the plaintiff's farm by a certain date. The work was not completed on time and the contract was breached. Plaintiff brought suit based on fraud alleging defendant knew or reasonably should have known that he would not be able to perform in a timely manner.

The Illinois Appellate Court allowed recovery, stating:

"[W]e deem the evidence sufficient for the trial court to have determined that the defendant made the promise of performance ... not intending to keep the promise but intending for plaintiff to rely on it to its detriment. If so, the false promise would have been an intended scheme to defraud plaintiff and would be actionable under the rule stated in *Steinberg* [69 Ill.2d 320, 13 Ill.Dec. 699, 371 N.E.2d 634 (1977)]."

86 Ill.App.3d at 1113, 408 N.E.2d at 787.

In the instant case, plaintiff asserts that the Stearns defendants promised to return their founders shares. Moreover, plaintiff alleges that the Stearns defendants made these promises with no intention of keeping them. Plaintiff contends that these promises were made for the sole purpose of inducing plaintiff to enter into the contract and to return his founders shares.

This court believes the Stearns defendants' alleged false promises fall squarely within the "scheme or device" exception delineated by the *Vance Pearson* court and followed by the *Lovejoy* court. Consequently, this court finds that plaintiffs stated a cognizable fraud claim. This court would have rejected the fraud claim had the Stearns defendants merely changed their minds after entering into the contract and decided not to perform on the contract, for a party is generally free to refuse performance suffering the consequences through a breach of contract action. This action is an exception to the rule because plaintiff alleges the Stearns defendants never intended to keep their promises to return their founders shares and the false representation has been alleged to be the scheme employed to accomplish the fraud upon plaintiff. Consequently, plaintiff's allegations circumvent the general rule, that a promise made without intent to perform is not a misrepresentation.

Stearns defendants' motion for summary judgment cannot be granted. Plaintiff's fraudulent misrepresentation claim raises questions of material fact. In particular, the finder of fact must decide whether plaintiff was fraudulently induced to enter into the contract requiring plaintiff to return his founders shares by the Stearns defendants' alleged representation that they would return their shares also. Consequently, this court denies the Stearns defendants' motion for summary judgment.

### 2. Stearns Defendants' Motion to Dismiss Count IV

■ Plaintiff attempted to state a RICO claim in Count IV. Plaintiff's claim is wholly inadequate. Count IV fails to state that any defendant engaged in racketeering activity, much less a pattern of racketeering activity. Plaintiff should refer to this court's lengthy opinion in *Abernathy v. Erickson,* 657 F.Supp. 504 (N.D.Ill.1987), which sets forth the RICO pleading requirements. Accordingly, this court dismisses plaintiff's Count IV RICO claim.

### 3. Stearns Defendants' Motion for Sanctions

This court adopts the magistrate's report and recommendation denying the Stearns defendants' motion for sanctions. The Stearns defendants brought their motion based on their belief that plaintiff's claim was frivolous. The Stearns defendants' objection to the magistrate's report obviously lacks substance in light of this court's decision to deny the motions for summary judgment leaving plaintiff's claim viable.

### 4. Robert O. Case's Motion for Summary Judgment

Defendant Case's motion for summary judgment is denied. The magistrate resolved the Stearns defendants and Case's motions jointly. Like the situation with the Stearns defendants, this court finds a material issue of fact revolves around whether plaintiff was fraudulently induced into agreeing to return his founders stock by Case's alleged misrepresentations. Consequently, granting a motion for summary judgment is inappropriate in the face of a disputed material issue of fact. Accordingly, this court denies Case's motion for summary judgment.

### 5. Lockwood Company's Motion to Dismiss

The magistrate recommended granting Lockwood's motion because "the allegations against the Stearns Company [now known as Lockwood Company] are identical to those alleged against Case and the Stearns defendants," and the magistrate previously recommended that the other defendants' motions should be granted.

This court rejects the magistrate's conclusion regarding Lockwood for the same reasons it previously rejected the Stearns defendants and Case's motions. The premise upon which the magistrate based its recommendation has now proved faulty. Consequently, this court must decide Lockwood's motion anew.

This court denies Lockwood's motion because its memorandum in support of the motion to dismiss is conclusory. That 12–page memorandum is void of any case citation, discussion or analysis in the first 10 pages. In fact, the only cases cited in the last two pages refer to plaintiff's RICO claim which has already been dismissed. Lockwood relies on broad generalizations and conclusions to succeed on its motion. This approach is not persuasive. Accordingly, Lockwood's motion to dismiss is denied.

### 6. Harold Upjohn's Motion for Summary Judgment

The magistrate once again relied upon its primary report relating to the Stearns defendants to recommend granting Upjohn's motion for summary judgment. The magistrate's report consists of one paragraph that states the issues involved in the Stearns defendants' motion are the same as the issues involved in Upjohn's motion. Therefore, the magistrate recommended the same conclusion granting Upjohn's motion.

This court rejects the magistrate's report and recommendation for the reasons stated previously in this court's discussion of the Stearns defendants' motion for summary judgment. Consequently this court denies Upjohn's motion for summary judgment.

### CONCLUSION

This court rejects the magistrate's report and recommendations granting the defendants' motions in part and denying them in part. This court denies the joint motions brought by Warren Stearns, Walters, Blanchard, Altorfer, and Upjohn for summary judgment and for sanctions. This court grants these defendants' motion to dismiss the RICO claim in Count IV. In addition, the court denies Case's motion for summary judgment. Finally, this court denies Lockwood Company's motion to dismiss. Discovery should be continued. The magistrate's discovery cutoff is hereby lifted.

IT IS SO ORDERED.

### ORDER

This court adopts the magistrate's March 3, 1987 recommendation granting third-party defendant Campbell's motion to strike. Campbell sought to strike the motion for

sanctions brought by Stearns, who is both defendant and third-party plaintiff. In addition, this court adopts the magistrate's recommendation granting Campbell's motion for sanctions. (The term "Stearns" refers collectively to the following defendants: Stearns, Walters, Blanchard, and Altorfer.)

Stearns moved this court for an order entering sanctions against third-party defendant Campbell based on Rule 11 of the Federal Rules of Civil Procedure. Stearns argued that sanctions should have been awarded against Campbell because plaintiff's complaint was allegedly frivolous and Campbell was closely associated with plaintiff in the recent past. Therefore, Stearns contended Campbell was a "silent partner" in plaintiff's effort to bring suit against Stearns.

Subsequent to this motion, third-party defendant Campbell made his own motion to strike Stearns' motion for sanctions. Campbell's motion is granted for the reasons stated below. First, this court has already held in a prior 13-page memorandum opinion that plaintiff's claim was meritorious and not frivolous. *See Wilsmann v. Stearns*, 664 F.Supp. 386, (N.D.Ill.1987). Second, defendant and third-party plaintiff Stearns seeks sanctions for frivolous pleading against Campbell. However, Campbell is not a plaintiff in this case and consequently did not file suit against Stearns. Campbell was not a party to this lawsuit until Stearns dragged Campbell into it as third- party defendant. Campbell could not have filed a frivolous complaint if it never filed any complaint. This court will not impose sanctions against an entity for frivolous filing when that entity did not file a complaint, but was associated with the filing entity.

Campbell also moved for sanctions against Stearns for filing the motion for sanctions. The magistrate recommended imposing sanctions against Stearns and granting sanctions in favor of Campbell. The magistrate found that Stearns had no basis to argue that Rule 11 or 28 U.S.C. § 1927 could apply to Campbell. This

court agrees. This court finds Stearns' motion frivolous. This court imposes sanctions against Stearns and in favor of Campbell. Campbell's attorney is directed to set forth in an affidavit the itemized fees, costs, and expenses incurred in defending third-party plaintiff Stearns' motion for sanctions.

In sum, this court grants Campbell's motion to strike Stearns' motion for sanctions. In addition, this court grants Campbell's motion for sanctions.

IT IS SO ORDERED.