**Luke BROWN, et al.,
Plaintiffs-Appellants,**

**v.**

**MINE SAFETY APPLIANCES COMPANY, et al., Defendants-Appellees.**

**Nos. 82–3550, 82–3551 through 3553, 82–3788, 82–3792 through 82–3797, 83–3005 and 83–3012.**

United States Court of Appeals,
Fifth Circuit.

Feb. 20, 1985.

Bruno & Bruno, Joseph M. Bruno, New Orleans, La., for Luke Brown et al.

Donald A. Hoffman, Gerolyn P. Roussel, New Orleans, La., for Mine Safety Appliances and Avondale, Inc.

Brian, Simon, Peragine, Smith & Redfearn; Lemle, Kelleher, Kohlmeyer & Matthews, New Orleans, La., for Aetna Cas. & Sur. Co.

Adams & Reese, New Orleans, La., for Vallen Corp. and Encon Mfg. Co.

Butler, Binion, Rice, Cook & Knapp, Tom Alexander, Houston, Tex., for Vallen Corp., Encon Mfg. Co. and Mine Safety Appliances.

Hulse, Nelson & Wanek, Craig R. Nelson, New Orleans, La., for E.D. Bullard.

Thomas E. Loehn, Boggs, Loehn & Rodrigue, New Orleans, La., for Employers Commercial Ins. Co. and Avondale Shipyards.

Felician P. Lozes, Lozes & Lozes, New Orleans, La., for Avondale Shipyards and Standard Pain.

Bruce J. Borrello, Metairie, La., for Jack Cocke & Co., Inc.

Christovich & Kearney, New Orleans, La., for American Optical.

Stewart E. Niles, Jr., William S. Marshall, Jr., New Orleans, La., Fritz Windhorst, Gretna, La., for Avondale, Inc.

Ralph S. Johnson, New Orleans, La., for Mine Safety Appliances.

Hammett, Leake & Hammett, Alan Dean Weinberger, William S. Marshall, Jr., New Orleans, La., for D.A. Krenz, et al., Travelers, Highlands and American Motorists.

Charles Hanemann, Houma, La., Montgomery, Barnett, Brown & Read, New Orleans, La., Nelson E. Schmidt, Sr., 3M Co., St. Paul, Minn., for Minnesota Min. & Mfg. Co.

McCalla, Thompson, Pyburn & Ridley, Keith M. Pyburn, Jr., New Orleans, La., for Avondale, Hartzman, Garrett and Benezech, et al.

Before GEE, REAVLEY and DAVIS, Circuit Judges.

GEE, Circuit Judge:

This appeal draws before us a number of cases dismissed by various trial courts for want of subject matter jurisdiction. In each case, the plaintiff was a worker at Avondale Shipyards, Inc., located in Jefferson Parish, south of New Orleans, who claimed damages resulting from silicosis contracted while he worked as a sandblaster. Each case incorporated state law tort claims against manufacturers of protective respiratory equipment, all of whose citizenship was diverse from that of any plaintiff. Joined to these diversity actions were claims of racial discrimination laid under 42 U.S.C. § 1981 against both resident and nonresident executive officers of Avondale, grounded in federal question jurisdiction and asserting that the officers discriminated against black employees by assigning only blacks to do this allegedly dangerous work. Pendent tort claims under state law were also asserted against these officers.

The defendant officers filed motions to sever the federal question claims against them and to dismiss the pendent state tort claims. The motions to sever were mostly granted and, in each such case, the district court declined to exercise jurisdiction over the pendent state claims against the officers. Certain of the district courts concerned also dismissed the claims against the equipment manufacturers of diverse citizenship to that of the plaintiffs. Other courts declined to dismiss the diversity actions. One court refused to sever the civil rights claims or to dismiss the state law ones, electing to submit all claims serially to the same jury, beginning with the civil rights claims. The issue which we must decide is whether the district courts which did so erred in first severing the federal question claims and then dismissing the remaining diversity actions for want of complete diversity by reason of the presence of resident defendants. The general rule upon which these district courts relied has long been settled: for federal diversity jurisdiction to exist, there must be complete diversity between all plaintiffs and all defendants. *Strawbridge v. Curtiss*, 3 Cranch (7 U.S.) 267, 2 L.Ed. 435 (1806).[1] Our inquiry does not, however, end here.

1. Although Chief Justice Marshall, the author of    *Strawbridge*, is reported to have later expressed

At no time, even at the "commencement"[2] of any of these actions, has there ever been complete diversity of citizenship between the parties to it.[3] Nondiverse parties, sued on the basis of federal question jurisdiction, were always present in each. At the outset of each, however, and before severance of the civil rights claims, an independent basis of jurisdiction supported the actions against these parties, 28 U.S.C. § 1331.

■■■ Years ago, in *Romero v. International Terminal Operating Co.*, 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959), the Supreme Court recognized an exception to the complete diversity rule of *Strawbridge:* the presence of a nondiverse defendant does not destroy diversity jurisdiction over others where an independent basis of federal question jurisdiction (there the Jones Act) over the nondiverse defendant exists. *See Powell v. Offshore Navigation, Inc.*, 644 F.2d 1063 (5th Cir.1981) (discussing and applying *Romero*). That is the case on these appeals. Nor does the severance of the federal question claims—which are not claimed to be frivolous ones—destroy jurisdiction, once acquired when the action commenced. It follows that the orders of dismissal for want of jurisdiction in these cases were erroneous.[4]

VACATED and REMANDED.

misgivings about its holding, it has been with few exceptions adhered to. See Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3605.

2. Even though added by later amendments, for present purposes the amended claims refer back to the commencement of the actions in which they were filed. Rule 15(c), Fed.R.Civ.P.

3. It is to that time that, as a general rule, discussions of jurisdiction refer. Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3608.

4. The trial courts retain, of course, discretion whether to exercise jurisdiction over the pendent state claims. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).