**Bridget O'BRIEN, Plaintiff,**

**v.**

**Casper WEINBERGER, Individually and as Secretary of the Department of Health, Education, and Welfare, Dr. Terrel Bell, Individually, and as U. S. Commissioner of Education, Lenora W. Mallory, Individually, and as Chief, Federal Insurance Section, Office of Guaranteed Student Loans, Office of Education, and the Department of Health, Education, and Welfare, an Agency of the United States Government, Defendants.**

**Civ. No. 3–75–225.**

United States District Court,
D. Minnesota,
Third Division.

July 19, 1978.

Richard T. Dolezal, St. Paul, Minn., for plaintiff.

Andrew W. Danielson, U. S. Atty. by Stephen G. Palmer, Asst. U. S. Atty., Minneapolis, Minn., for defendants.

## MEMORANDUM AND ORDER

MacLAUGHLIN, District Judge.

This matter comes before the Court on the parties' cross-motions for summary judgment. At a hearing on the motions on April 26, 1978, after considering the arguments and memoranda submitted by the parties and the files and record in this proceeding, and finding no genuine issue of material fact, the Court granted summary judgment for defendants. This memorandum will briefly explicate the reasons for that holding.

Plaintiff Bridget O'Brien, born September 29, 1956, graduated from a high school in St. Paul on May 29, 1974. She was accepted at the University of Minnesota for the 1974–75 school year. On May 1, 1974, she applied for a basic educational opportunity grant from the Office of Education, Department of Health, Education, and Welfare. See 20 U.S.C. § 1070a; 45 C.F.R. pt. 190. Her application was rejected because she failed to furnish information about her parents' financial resources. She deemed this information immaterial because her parents refused to assist her financially after she reached the age of 18. At about this time, plaintiff's parents dissolved their marriage, and plaintiff lived with one parent, doing household chores for her room and board. One year later, plaintiff apparently moved to an apartment of her own. Plaintiff also filed for a basic educational opportunity grant for the next three school years with similar results. She argues that on the basis of her own financial resources she would have been entitled to a grant of $800 for each of the four years.

Plaintiff's applications were required to contain information about her parents' financial condition because under Office of Education regulations plaintiff was a "dependent student." A "dependent student" is a student who does not qualify as an independent student. 45 C.F.R. § 190.32(e). An "independent student" is a student who

(1) Has not and will not be claimed as an exemption for Federal income tax purposes by any person except his or her spouse for the calendar year(s) in which aid is received and the calendar year prior to the academic year for which aid is requested,

(2) Has not received and will not receive financial assistance of more than $600 from his or her parent(s) in the calendar year(s) in which aid is received and the calendar year prior to the academic year for which aid is requested, and

(3) Has not lived or will not live for more than 2 consecutive weeks in the home of a parent during the calendar year in which aid is received and the calendar year prior to the academic year for which aid is requested.

39 Fed.Reg. 24,475 (1974), *as amended,* 45 C.F.R. § 190.42(a)(1). The significance of the classification is that the financial resources of an independent student's parents are not considered in determining eligibility for a grant. For a dependent student, however, the amount which the parents of that student may reasonably be expected to contribute toward the cost of his education for an academic year (the "expected family contribution") is considered in determining eligibility. See 20 U.S.C. § 1070a(a)(2)(A)(i), (3)(B), (C); 45 C.F.R. §§ 190.31–.48.

Plaintiff seeks a declaratory judgment that 20 U.S.C. § 1070a and the regulations promulgated thereunder are unconstitutional as applied to her and an injunction mandating award of grants for the school years from 1974 to 1978. Plaintiff concedes that she was not an independent student under the regulations but contends that the statute and regulations violate due process and equal protection in their application to her.

In essence, plaintiff argues that she was in fact an independent student and that if the applicable statutes and regulations classified her as dependent, their application to her situation is arbitrary and capricious. Plaintiff's argument thus is that the definition of "independent student" set forth in 45 C.F.R. § 190.42(a) is an irrebuttable presumption that contravenes due process.

In *Weinberger v. Salfi,* 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975), the Supreme Court dealt with a similar irrebuttable presumption. There, a provision of the Social Security Act required that the relationships of a wife and stepchildren must endure for nine months before the death of the husband and stepfather to entitle the wife and stepchildren to Social Security benefits. The statute was aimed at sham marriages entered into only to obtain government benefits. The nine-month period was a conclusive presumption; applicants whose marriages endured for less than nine months were not given an opportunity to prove that their marriages were not motivated by an illicit purpose. Although acknowledging that the nine-month standard might filter out some deserving applicants and might not filter out all undeserving applicants, the Court upheld the scheme against constitutional attack. The Court noted that the presumption did not impinge on a significant interest of the individuals so classified. "[A] noncontractual claim to receive funds from the public treasury enjoys no constitutionally protected status, . . ., though of course Congress may not invidiously discriminate among such claimants on the basis of a 'bare congressional desire to harm a politically unpopular group,' . . . or on the basis of criteria which bear no rational rela-

tionship to a legitimate legislative goal." *Id.* at 772, 95 S.Ct. at 2470. The Court held that Congress, reasonably concerned about potential abuses of the Social Security system, could rationally have concluded that a generalized rule was appropriate in the circumstances and that the expense and other difficulties of individual determinations justified the inherent imprecision of a per se rule. Thus, administrative and cost considerations may justify refusal to make individual determinations when important interests are not curtailed by the presumption.

A basic educational opportunity grant is designed to provide the floor of a financial aid package. See 20 U.S.C. § 1070a(a)(2)(B)(i) (a grant shall not exceed 50 percent of actual cost of attendance). The grants are available to all students enrolled in or in good standing at institutions of higher education; the amount of the grant turning on the student's expected family contribution for the year. See *id.* § 1070a(a)(1), (2)(A). The number of grants awarded may be quite large and the potentialities for abuse are present. A strong administrative justification exists for a per se rule, and, indeed, the applications are processed by computer. As in *Salfi,* the presumption does not impinge on important liberties of plaintiff, but only on her eligibility for government assistance. The question thus becomes whether the definition of "independent student" is rationally related to the legislative goal of providing aid to students based on the amount their families can be expected to contribute to their education.

It is plaintiff's burden to show that no rational basis exists for the definition of "independent student." The burden is not met by showing that the definition should fit plaintiff's situation. The definition seems a reasonable attempt to identify students whose links with their parents are such that it is reasonable to expect the parents to contribute financially to their children's education. Dependent students are not precluded from receiving aid, their eligibility is determined in light of their

88

parents' financial resources. Because plaintiff failed to carry her burden of demonstrating the definition's irrationality and because no genuine issue of material fact exists, the Court granted summary judgment for defendants.

LET JUDGMENT BE ENTERED ACCORDINGLY.