**Harvey DOZIER, Plaintiff-Appellant,**

v.

**LOOP COLLEGE, CITY OF CHICAGO,**
**Defendant-Appellee.**

No. 85–1051.

United States Court of Appeals,
Seventh Circuit.

Submitted Oct. 22, 1985.

Decided Nov. 6, 1985.

Harvey Dozier, pro se.

F. Anne Zemek, City Colleges of Chicago, Chicago, Ill., for defendant-appellee.

Before COFFEY and EASTERBROOK, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

EASTERBROOK, Circuit Judge.

Harvey Dozier, who seeks admission to the Loop College, lived with his father for at least six weeks in 1984 and, accordingly, is classified as a dependent student for purposes of federal financial aid. 34 C.F.R. § 690.32 (1984) (incorporating 34 C.F.R. § 668.1a; see § 668.1a(b)(1)). See also 20 U.S.C. § 1070a(a)(1)(B), (2)(B)(ii). Dependent students who seek federal financial aid must supply financial information from and concerning their parents. 34 C.F.R. § 690.12 (1984). Dozier's father refused to supply the requisite information, and Dozier was denied federal financial aid. Dozier then sued Loop College under 42 U.S.C. § 1983 seeking financial aid and admission. The College moved to dismiss the complaint for lack of jurisdiction. The district court granted the motion.

The district court did not spell out the reasons for its action. One that comes to mind is that the actions of Loop College, although those of a state actor (it is part of the City of Chicago), are not "under color of state law" because they carry out rules laid down by federal law. This is a possible reading of § 1983 and 28 U.S.C. § 1343(3), its jurisdictional counterpart, but the Supreme Court has held that all acts of the state are automatically "under color of state law" no matter the source of the substantive rule. See *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 928–30, 102 S.Ct. 2744, 2749–50, 73 L.Ed.2d 482 (1982). This suit therefore has a potential jurisdictional basis under § 1343(3).

■ The other possibility is that the district court thought the claim specious and therefore too feeble even to support jurisdiction. See ·*Hagans v. Lavine*, 415 U.S. 528, 536–43, 94 S.Ct. 1372, 1378–81, 39 L.Ed.2d 577 (1974). A claim must have a minimum plausibility to support jurisdiction, even if it asserts a basis (a deprivation of constitutional rights under color of state law) that ordinarily furnishes jurisdiction.

The complaint in this case—no matter how liberally viewed—does not supply the necessary colorable claim.

■ Dozier's argument, as best we understand it, is a mixture of a due process claim to a subsidized education and an equal protection attack on the requirements for federal financial aid. The due process claim fails because there is no substantive right to a subsidized education even through secondary school, see *Rodriguez v. San Antonio Independent School District*, 411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973); perforce there is no right to college education at public expense. *Plyler v. Doe*, 457 U.S. 202, 102 S.Ct. 2382, 72 L.Ed.2d 786 (1982), which holds that a state may not deny an elementary education to a child on account of alienage, comes closest to supporting Dozier's argument, because in *Plyler* the child's predicament came about because of the parents' illegal immigration; here, Dozier claims, his predicament is his father's fault. But *Plyler* was based both on the perceived helplessness of a minor child of alien parents and on the need for some basic education of all people living in the United States. No similar argument supports a free college education for adults (Dozier is 35) who choose to live with their parents.

■ The equal protection claim fails because Dozier has been treated "equally" with others similarly situated. Everyone seeking financial aid must show the extent of income and wealth available to him. The regulations Dozier challenges say that a child living at home is treated as part of a family unit, and that the family's pooled income is the right measure of resources available for an education. The principle of searching for available income is applied to all applicants. Although we can find only one decision on point, that decision upheld, as supported by a rational basis, the federal requirement of aggregating family income and requiring parents to file the papers necessary to establish their income. *O'Brien v. Weinberger*, 453 F.Supp. 85 (D.Minn.1978). We agree. *O'Brien* also held the definition of an "independent

student"—then one who lived with his parents no more than two consecutive weeks in one year—supported by a rational basis. Dozier does not challenge this definition, so we need not consider it.

Now Dozier might recast his equal protection claim as an argument that the regulations discriminate on account of family status, a "fundamental" right. But the pooling of income on the basis of familial relations is established in the law of taxation and the rules of welfare programs, and there is no reason to treat student aid differently. Cf. *Califano v. Jobst*, 434 U.S. 47, 98 S.Ct. 95, 54 L.Ed.2d 228 (1977) (the government may take account of marriage or other family relations in designing income support programs). Income commonly is shared among family members who live together. A grant nominally made to Dozier frees up other income for use of the family. See Gary S. Becker, *A Treatise on the Family* (1981). The regulations recognize this common experience in looking to family income as a basis of eligibility. Dozier's family may follow a different practice, but legislation may respond to the generality of cases without accounting for all exceptions.

Dozier, like anyone else, must establish his eligibility for the benefits he seeks. See *Lavine v. Milne*, 424 U.S. 577, 96 S.Ct. 1010, 47 L.Ed.2d 249 (1976). He did not. He may seek to enlist his father's aid, or he may live apart from his family so that his own income is all that counts. But he may not live with his family and simultaneously insist that his family's income need not be disclosed.

AFFIRMED