Robert G. CRONSON, as Auditor General of the State of Illinois, and individually, Plaintiff-Appellant,

v.

Hon. William G. CLARK, et al., Defendants-Appellees.

Nos. 86–2527, 86–3019.

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 4, 1986.

Decided Jan. 20, 1987.

As Amended Jan. 22, 1987.

Rehearing and Rehearing En Banc Denied Feb. 20, 1987.

Samuel W. Witwer, Sr., Sp. Asst. Atty. Gen., Witwer, Moran, Burlage & Witwer, Chicago, Ill., Alfred H. Greening, Sp. Asst. Atty. Gen., Williamsville, Ill., for plaintiff-appellant.

Richard J. Phelan, Phelan, Pope & John Ltd., Michael J. Hayes, Office of Illinois Atty. Gen., Terry F. Moritz, Goldberg, Kohn, Bell, Black, Rosenbloom & Moritz, Ltd., Chicago, Ill., for defendants-appellees.

Before POSNER, COFFEY, and FLAUM, Circuit Judges.

POSNER, Circuit Judge.

This appeal from the denial of a preliminary injunction comes to this motions panel, before oral argument, in response to our request that the parties brief the issue whether the appeal is moot. The appeal is not moot, but the lawsuit must be dismissed. Cf. *Burlington Northern R.R. v. Brotherhood of Maintenance of Way Employees*, 793 F.2d 795, 807 (7th Cir.), cert. granted, —— U.S. ——, 107 S.Ct. 60, 93 L.Ed.2d 19 (1986).

The plaintiff, Cronson, is the auditor general of Illinois. The defendants are justices of the Supreme Court of Illinois and other officials. Cronson contends that he has a legal duty under Illinois law to conduct a "full" audit of the supreme court, by which he means an audit of all of its branches, including the Attorney Registration and Disciplinary Commission and the Board of Law Examiners. The supreme

court disagrees that Cronson's jurisdiction extends to these two branches. It wants him just to audit the other branches of the court. When he refused to do this, the administrator of the Illinois court system filed a mandamus proceeding in the supreme court to compel Cronson to perform the "partial" audit. Cronson contends that such a proceeding violates his rights under the due process clause, because the supreme court (in his view) is acting as a judge in its own cause. He filed suit in federal district court under 42 U.S.C. § 1983 to enjoin the mandamus proceeding, and asked for a preliminary injunction that would among other things have forbidden oral argument in the supreme court in the mandamus proceeding. The district court refused to grant a preliminary injunction, 645 F.Supp. 793 (N.D.Ill.1986), and Cronson has appealed, as he is entitled to do under 28 U.S.C. § 1292(a)(1). With the date for the oral argument before the Supreme Court of Illinois in the mandamus case looming, he asked us for a temporary injunction pending decision of his appeal, see Fed.R. App.P. 8, which we denied; and the argument was held. Nevertheless the appeal is not moot, because the preliminary injunction that Cronson sought and was denied would prevent other proceedings in the mandamus suit that are going on now, as well as the oral argument before the Supreme Court of Illinois, which has already been held.

Although the appeal is not moot, the case is so clearly outside the cognizance of the federal courts that no purpose would be served by setting the appeal for argument in the ordinary course. This is not to say that Cronson's position has no merit as a matter of state law; that is a question on which we express no view. His dispute simply has no place in a federal court.

■ There is first a serious issue of whether he has standing to maintain this suit in federal court. A plaintiff, in order to have standing in a federal court, must show more than a violation of law, *Allen v. Wright,* 468 U.S. 737, 754, 104 S.Ct. 3315, 3322, 82 L.Ed.2d 556 (1984); he must show

the kind of actual or threatened injury that would support a lawsuit under traditional principles of common law or equity, *People Organized for Welfare & Employment Rights v. Thompson,* 727 F.2d 167, 171 (7th Cir.1984). Indignation that the law is not being obeyed, sympathy for the victims of that disobedience, a passionate desire to do one's legal duty—none of these emotions, however laudable, sincere, and intense, will support a federal lawsuit. See *id.* at 171; *American Civil Liberties Union v. City of St. Charles,* 794 F.2d 265, 268 (7th Cir. 1986). Thus in *D'Amico v. Schweiker,* 698 F.2d 903 (7th Cir.1983), we dismissed for want of standing a suit brought by administrative law judges of the Social Security Administration who were complaining that a directive by their superiors required them to decide social security cases in a manner contrary to law. They did not suggest that compliance with the directive would reduce their pay or benefits or increase their work or anything of the sort. On the contrary, the directive required them to do less than they thought legally required. This case is the same. Mr. Cronson wants to conduct a more extensive audit than the Supreme Court of Illinois thinks proper. If he won this suit he would have more rather than less work to do.

■ But if "property" or "liberty" as used in the due process clause of the Fifth and Fourteenth Amendments somehow connoted a right to conduct oneself in public office in conformity with law, maybe an argument could be made that Mr. Cronson had suffered a legally cognizable injury by being forbidden to conduct a full audit. Cf. *People Organized for Welfare & Employment Rights v. Thompson, supra,* 727 F.2d at 172. The force of the argument would depend on whether the doctrine of standing is thought merely to confine litigation to concrete disputes between the persons primarily affected by the dispute, see *id.* at 173—a condition satisfied here—or whether the doctrine reflects a broader principle of limiting the federal courts to the redress of more tangible harms than a public official's disappointment at a contraction of his juris-

diction. We need not get deeper into this question here, however, since it is certain that the due process clause does not confer on Mr. Cronson a right to conduct a more extensive audit of the Supreme Court of Illinois, and therefore that he has suffered no injury on which this suit might be based. In so ruling, we are not skipping over a hard question of subject-matter jurisdiction in order to dispose of the case on the merits—an improper procedure. A frivolous suit does not engage the subject-matter jurisdiction of the federal courts; dismissal of such a suit is therefore jurisdictional too. *Hagans v. Lavine*, 415 U.S. 528, 537, 94 S.Ct. 1372, 1379, 39 L.Ed.2d 577 (1974); *Dozier v. Loop College*, 776 F.2d 752, 753 (7th Cir.1985). This suit is frivolous.

The terms "liberty" and "property" do not encompass the interest of a public official in being allowed to act to the full extent of what he conceives to be his powers under state law. The federal courts do not sit to resolve intramural disputes among state officials over the bounds of their authority under state law. Whether Mr. Cronson is told to conduct a full audit, a partial audit, or no audit, there is no way he can show a deprivation of his life, liberty, or property, which is a precondition to complaining of a denial of due process of law under the Fifth or Fourteenth Amendments. He does not contend that his job is endangered, or indeed that he has the kind of job rights that count as property for federal constitutional purposes, see, e.g., *Schultz v. Baumgart*, 738 F.2d 231, 234 (7th Cir.1984), or that being prevented from conducting the full audit that he wants to conduct will impose any cost or burden on him such as might count as a deprivation of liberty or property in the constitutional sense. Reputation is not liberty within the meaning of the Fifth or Fourteenth Amendments, *Paul v. Davis*, 424 U.S. 693, 701, 96 S.Ct. 1155, 1160, 47 L.Ed.2d 405 (1976); no more is the satisfaction that a public official derives from wielding the powers of his office to the full.

After the above was written, the district court dismissed the suit and Cronson filed a notice of appeal. As we are ordering the suit dismissed in the appeal from the denial of the preliminary injunction, the appeal from the dismissal of the underlying suit is moot, and is hereby dismissed. Also after the above was written the Supreme Court of Illinois decided the mandamus proceeding adversely to Cronson. But as he has not yet complied, the suit is not moot on that account.

We affirm the denial of the preliminary injunction, but we order that Mr. Cronson's suit be dismissed for want of federal jurisdiction.