**David J. REINERT, Plaintiff,**

v.

**Michael F. O'BRIEN; Gilbert X. Drendel, Jr., Eugene Sullivan; James F. Best; Sarah Senechalle; Bonnie Beverly; and James L. Haderer, Defendants.**

Civ. No. 92–CV–5601.

United States District Court, N.D. Illinois.

Oct. 16, 1992.

---

David J. Reinert, pro se.

Janice Lynne Schaffrick, Illinois Atty. General's Office, Chicago, Ill., Kevin Gilbert Drendel, Gilbert X. Drendel, Jr., Drendel, Schanlaber, Horwitz, Tatnall & McCracken, Aurora, Ill., Francis P. Kasbohm, Joseph Patrick Bonaccorsi, Corey H. Grauer, Terrence Franklin Guolee, Fraterrigo, Best & Beranek, Philip W. Domagalski, James F. Donovan, Kralovec, Marquard, Doyle & Gibbons, Chtd., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

This action is irreparably intertwined with a lawsuit filed in the Circuit Court of Kane County. On May 24, 1991, plaintiff Bonnie S. Beverly brought suit against David J. Reinert, seeking dissolution of a partnership and injunctive relief. The sole asset of the partnership is a house which Reinert and Beverly purchased collectively by means of an Illinois Land Trust. Beverly sought to have the house sold, the proceeds accounted for and divided, and to prevent Reinert from continuing his campaign of harassment. In the course of the state court proceedings, Judge Michael F. O'Brien made the following rulings: (1) denied Reinert's motion for a mental examination of Beverly; (2) denied Reinert's motion for the appointment of a receiver; and (3) granted Beverly's motion for a protective order, supervision of discovery and limitation of scope of depositions. In light of this set back, Reinert immediately fired his attorney, and appealed the denial of his motion for appointment of a receiver. After filing his brief in support of his appeal, Reinert also petitioned the appellate court for a declaration of rights, alleging that his rights to freedom of speech and due process were violated by the actions of the trial judge. By motion dated August 11, 1992, Reinert withdrew his petition for declaratory relief, and now presses those claims in this court.

In a complaint filed on August 17, 1992, against Judge Michael F. O'Brien, Bonnie Beverly, Gilbert X. Drendel and Eugene Sullivan (Beverly's attorneys in the state court proceedings), James F. Best and Sarah Senechalle (attorneys for Beverly's insurance carrier who are defending a counterclaim by Reinert against Beverly), and James L. Haderer (Beverly's brother), Reinert asks this court to "review the [state court] proceedings and orders, and determine and adjudicate the respective rights and duties of the parties." Defendants Drendel, Sullivan, Beverly, Haderer, Best, and Senechalle move to dismiss Reinert's complaint, and urge this court to impose Rule 11 sanctions upon Reinert. For the reasons set forth below, we grant defendants' motions to dismiss, but deny defendants' motions for sanctions.

### I. Motions to Dismiss

It is settled law that the allegations within a *pro se* complaint, "however inartfully pleaded [are held] to less stringent standards than formal pleadings drafted by lawyers...." *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972); *see also Maclin v. Paulson*, 627 F.2d 83, 86 (7th Cir.1980). "Such a complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hughes v. Rowe*, 449 U.S. 5, 10, 101 S.Ct. 173, 176, 66 L.Ed.2d 163 (1980) (per curiam) (citing *Haines*, 404 U.S. at 520–21, 92 S.Ct. at 596); *see also Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 1832, 104 L.Ed.2d 338 (1989). As always, in ruling on defendants' motions to dismiss, the court accepts as true the factual allegations of the complaint. *See Hughes*, 449 U.S. at 10, 101 S.Ct. at 176 (citing *Cruz v. Beto*, 405 U.S. 319, 322, 92 S.Ct. 1079, 1081, 31 L.Ed.2d 263 (1972)).

 Even under the deferential review accorded *pro se* complaints, Reinert's allegations are insufficient to confer subject matter jurisdiction over this cause. Under the substantiality doctrine, this court is obligated to examine Reinert's claims brought under the United States Constitution to determine if they are sufficient to confer subject matter jurisdiction. If the federal claims are either "immaterial to the true thrust of the complaint and thus made solely for the purpose of obtaining jurisdiction, or ... they are 'wholly insubstantial and frivolous,' ... the complaint must be dismissed for want of subject matter jurisdiction." *Ricketts v. Midwest Nat. Bank*, 874 F.2d 1177, 1182 (7th Cir.1989) (citing *Bell v. Hood*, 327 U.S. 678, 681–82, 66 S.Ct. 773, 775–76, 90 L.Ed. 939 (1946)); *see also Crowley Cutlery Co. v. United States*, 849 F.2d 273, 277 (7th Cir.1988); *Cronson v. Clark*, 810 F.2d 662, 665 (7th Cir.), *cert. denied*, 484 U.S. 871, 108 S.Ct. 199, 98 L.Ed.2d 151 (1987); *Dozier v. Loop College, City of Chicago*, 776 F.2d 752, 753 (7th Cir.1985).

 Unhappy with the course of the proceedings presently pending in Kane County, Reinert seeks to invoke federal jurisdiction by labelling the state court rulings as violations of his rights to free speech, due process and equal protection. There can be no doubt that these claims are "wholly insubstantial and frivolous." First, it is axiomatic that the restrictions of the Fourteenth Amendment apply to only "state action," and not "private" conduct. *See Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 349, 95 S.Ct. 449, 453, 42 L.Ed.2d 477 (1974). Parties to, or attorneys involved in, civil litigation clearly are not state actors, but rather private individuals seeking to advance private interests. Judge O'Brien bears sole responsibility over the rulings in the underlying state proceeding and, hence, Reinert's current claims against Drendel, Sullivan, Beverly, Haderer, Best, and Senechalle are frivolous. Second, respecting the substance of the state court rulings, neither free speech, due process nor equal protection guarantee that Reinert will prevail in the underlying state action. Reinert had been given extensive opportunity to present his arguments to the state court and, in fact, availed himself of that opportunity. Such opportunity is all that the United States Constitution guarantees. Federal courts are not in the practice of re-adjudicating

claims for disappointed state court litigants. In cases, such as this one, where the federal court would lack jurisdiction over the underlying complaint, jurisdiction cannot be manufactured by unsubstantiated allegations that state court rulings violate federal constitutional rights. Finding Reinert's claims "wholly insubstantial and frivolous," we grant defendants' motions to dismiss. For the same reason, we *sua sponte* dismiss Reinert's claims against Judge Michael F. O'Brien.

## II. Motions for Sanctions

Rule 11 of the Federal Rules of Civil Procedure requires an attorney or an unrepresented party to sign each pleading and motion submitted to this court. The signature on the pleading or motion certifies that

> to the best of the signer's knowledge, information and belief formed after reasonable inquiry [the pleading or motion] is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

Fed.R.Civ.P. 11. If a pleading, motion or other paper violates Rule 11 this court "shall impose" an "appropriate sanction," which may include costs and attorneys' fees.

There can be no doubt that Reinert's complaint is not well-grounded in fact or existing law. Nonetheless, given Reinert's status as a *pro se* plaintiff, we do not believe sanctions are warranted. *See* Fed. R.Civ.P. 11 advisory committee note (1983 amendment) ("Although the standard is the same for unrepresented parties, who are obliged themselves to sign the pleadings, the court has sufficient discretion to take account of the special circumstances that often arise in pro se situations."). This court adheres to the principle that *pro se*

parties shall be sanctioned under Rule 11 only after successive attempts to press a wholly frivolous claim. *See Ricketts*, 874 F.2d at 1182 n. 4 ("[T]he district court is authorized to impose sanctions against a *pro se* plaintiff who *successively* seeks to press a wholly frivolous claim.) (emphasis supplied); *Hilgeford v. Peoples Bank*, 776 F.2d 176, 179 (7th Cir.1985) (sanctions imposed for filing identical complaint to that previously dismissed for lack of jurisdiction), *cert. denied*, 475 U.S. 1123, 106 S.Ct. 1644, 90 L.Ed.2d 188 (1986). While Reinert may have received various warnings during the course of the Kane County proceedings, this is his first brush with the federal system and, as such, we deny defendants' motions for sanctions. To be sure, however, future abuse of the federal courts on the part of Reinert will be met with stiff sanctions.

## III. Conclusion

For the reasons set forth above, we grant defendants' motions to dismiss. Additionally, we *sua sponte* dismiss all claims against Judge Michael F. O'Brien. Finally, we deny defendants' motions for imposition of Rule 11 sanctions.[1] It is so ordered.

---

1. In addition, Reinert has filed two motions seeking disqualification of the law firms Fraterigo, Best & Beranek and Drendel, Schanlaber, Horwitz, Tatnall & McCracken. We deny these motions summarily.