51 F.3d 276
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Christopher Lynn SHOEMAKER, Plaintiff-Appellant,
v.
JOSEPH SCHLITZ BREWING COMPANY, Defendant-Appellee.
 No. 92-3656.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 24, 1995.*
Decided March 14, 1995.
 
 Before POSNER, Chief Judge, and FAIRCHILD and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff Christopher Shoemaker appeals pro se the district court's dismissal of his claim against the Joseph Schlitz Brewing Company. The district court sua sponte dismissed Shoemaker's action as frivolous under 28 U.S.C. Sec. 1915(d). We affirm.
 
 
 2
 In September 1992, Shoemaker applied for leave to proceed in forma pauperis in this action against the Joseph Schlitz Brewing Company. At the same time, he also filed a complaint, alleging that "[a] continual consumption of a malt beverage," presumably manufactured by the defendant, was "jeopardizing" a life within his family. Without elaboration, he asserted that the brewing company had violated his Fourth Amendment rights. As relief. Shoemaker sought "a return to natural libert[ies to which] we are so accustomed," a perpetual apology in writing to him and his family, and ten million dollars.
 
 
 3
 The district court denied Shoemaker's application two weeks later. The court noted that the action did not satisfy the substantiality doctrine described by this court in Ricketts v. Midwest Nat'l Bank, 874 F.2d 1177 (7th Cir.1989), because his claims completely lacked the minimum degree of "plausibility" required to support federal subject matter jurisdiction. In any event, the court added, Shoemaker certainly lacked standing to assert the claims of another person, even a family member. The court concluded that the action lacked any legal merit whatsoever, and thus was frivolous within the meaning of 28 U.S.C. Sec. 1915(d).[1]
 
 
 4
 After the court denied his application, Shoemaker filed a notice of appeal and sought leave from the district court to proceed on appeal in forma pauperis. The district court denied his request because an appeal lacked an arguable basis and thus could not be brought in good faith. Shoemaker subsequently paid the necessary docketing fees, and proceeded to file his appellate brief under Federal Rule of Appellate Procedure 10(c).
 
 
 5
 We review the district court's Sec. 1915(d) dismissal for abuse of discretion, giving Shoemaker's pleadings their required liberal construction. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). Under Sec. 1915(d), a district court may dismiss a complaint founded on "an indisputably meritless legal theory" or "clearly baseless" factual contentions. Neitzke v. Williams, 490 U.S. 319, 327 (1989). Thus, Sec. 1915 gives a district court "the unusual power to pierce the veil of the complaint's factual allegations," id., and dismiss complaints based on factual allegations that are "irrational" or "wholly incredible." Denton, 112 S.Ct. at 1733.
 
 
 6
 Shoemaker's arguments on appeal are obscure and incomprehensible. Alternating between biblical references and meaningless musings on his legal rights, Shoemaker's discursive and disjointed brief[2] rambles on about the battles he wages against injustice.
 
 
 7
 We are unable to hazard even the most elementary guess as to the relief Shoemaker seeks and are at a loss to decipher the nature of the claims he pursues. Even under the deferential review accorded pro se complaints, Shoemaker's action can only be construed as clearly baseless and meritless. Because Shoemaker cannot allege an arguable basis either in law or fact to support his claim for relief, we conclude that the district court did not abuse its discretion in dismissing the complaint as frivolous under Sec. 1915(d).[3]
 
 
 8
 For the foregoing reasons, we AFFIRM the district court's order dismissing the complaint.
 
 
 
 *
 After preliminary examination of the plaintiffs brief, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the plaintiffs brief and the record
 
 
 [1]
 28 U.S.C. Sec. 1915(d) provides in relevant part that the court "may dismiss the case if ... satisfied that the action is frivolous or malicious."
 
 
 [2]
 Shoemaker has attached to his brief a substantial appendix consisting of a bewildering assortment of constitutional and common law notations, as well as various correspondence and documents related to his complaints of contaminated Schlitz beer. These documents in this appendix apparently were not part of the record before the district court
 
 
 [3]
 In so ruling, we do not disregard the district court's observation that Shoemaker's action is also insufficient under the substantiality doctrine. According to this doctrine, if the federal claims are either "immaterial to the true thrust of the complaint and thus made solely for the purpose of obtaining jurisdiction" or " 'wholly insubstantial and frivolous,' " the complaint must be dismissed for lack of subject matter jurisdiction. Ricketts v. Midwest Nat'l Bank, 874 F.2d 1177, 1182 (7th Cir.1989) (quoting Bell v. Hood, 327 U.S. 678, 681-82 (1946)). See also Neitzke v. Williams, 490 U.S. 319, 327 n. 6 (1989) ("patently insubstantial complaint" may be dismissed for want of subject matter jurisdiction); Hagans v. Lavine, 415 U.S. 528, 536-37 (1974) (federal courts lack jurisdiction to entertain claims that are " 'so attenuated and unsubstantial as to be absolutely devoid of merit' ") (citation omitted); Crowley Cutlery Co. v. United States, 849 F.2d 273, 276 (7th Cir.1988) (collecting cases); Szabo Food Serv., Inc. v. Canteen Corp., 823 F.2d 1073, 1078 (7th Cir.1987) (federal court lacks subject matter jurisdiction if a plaintiff files a "specious" civil rights action because "an absurd complaint does not even invoke federal question jurisdiction"), cert. dismissed, 485 U.S. 901 (1988); Dozier v. Loop College, City of Chicago, 776 F.2d 752, 753 (7th Cir.1985) (claim must have "minimum plausibility" to ensure jurisdiction). As we have previously noted, however, the "distinctions are not so marked" between a "wholly" frivolous claim for purposes of the substantiality doctrine and a complaint that is "frivolous" within the meaning of Sec. 1915(d). Ricketts, 874 F.2d at 1182 n. 6