**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1290
_____

ALSON ALSTON,
                    Appellant

v.

THE PENNSYLVANIA STATE UNIVERSITY; THE TRUSTEE OF THE
PENNSYLVANIA STATE UNIVERSITY; ERIC J. BARRON, AS PRESIDENT
OF THE PENNSYLVANIA STATE UNIVERSITY; THE DICKINSON SCHOOL
OF LAW OF THE PENNSYLVANIA STATE UNIVERSITY; GARY S. GILDIN,
AS DEAN OF DICKINSON SCHOOL OF LAW OF PENNSYLVANIA STATE
UNIVERSITY; OFFICE OF STUDENT AID OF THE PENNSYLVANIA STATE
UNIVERSITY; ANNA M. GRISWOLD, AS DIRECTOR OF STUDENT AID AT
THE PENNSYLVANIA STATE UNIVERSITY; SUSAN A. BOGART,
DIRECTOR OF FINANCIAL AID AT THE DICKINSON SCHOOL OF LAW
OF THE PENNSYLVANIA STATE UNIVERISTY
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. No. 1-14-cv-02480)
District Judge: Honorable Yvette Kane
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 1, 2016
Before:  GREENAWAY, JR., GREENBERG and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 13, 2017)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Alson Alston appeals pro se from the order of the District Court granting the Defendants' motion to dismiss his amended complaint. We will affirm.

Alston filed an amended complaint in the District Court naming Pennsylvania State University, its Trustees, and several University employees as defendants. At the time Alston brought suit, he was a 50-year-old student at the University's Law School, and he has since graduated. Alston alleged that the University violated his rights when it failed to award him increased financial aid for personal transportation costs, personal health needs, and for elder care expenses that he claimed were necessary to care for his mother. Alston's amended complaint included allegations of Due Process and Equal Protection violations under 42 U.S.C. § 1983, disability discrimination in violation of the Americans with Disabilities Act and the Rehabilitation Act of 1972, and several claims arising under state law.

The Defendants moved to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The Magistrate Judge issued a report recommending that the Court grant the motion to dismiss. Over Alston's objections, the District Court adopted the report and recommendation and dismissed the amended complaint. The District Court dismissed Alston's federal claims with prejudice, but dismissed the state-law claims without prejudice to pursue them in state court. This appeal followed.

We exercise plenary review over a district court's decision to grant a motion to dismiss pursuant to Rule 12(b)(6). Free Speech Coal., Inc. v. Attorney Gen. of U.S., 677 F.3d 519, 529-30 (3d Cir. 2012). We construe Alston's pro se pleadings liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), and may affirm the judgment on any basis that the record supports, Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam). "[I]n deciding a motion to dismiss, all well-pleaded allegations . . . must be taken as true and interpreted in the light most favorable to the plaintiffs, and all inferences must be drawn in favor of them." McTernan v. City of York, 577 F.3d 521, 526 (3d Cir. 2009) (quotation marks omitted). To withstand a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Substantially for the reasons set out in the Magistrate Judge's report and recommendation and in the District Court's opinion, Alston's complaint failed to state a claim upon which relief could be granted. First, we agree that Alston's complaint did not plead any Due Process Clause violation. As described in Alston's complaint, the additional financial aid that Alston sought to obtain is not the kind of interest that courts have recognized as protected under the substantive or procedural components of the Due Process Clause. See Nicholas v. Pennsylvania State Univ., 227 F.3d 133, 139-43 (3d Cir. 2000) (describing what kinds of rights can be recognized for purposes of substantive due process and procedural due process); cf. also DeJournett v. Block, 799 F.2d 430, 431-32

3

(8th Cir. 1986) (no constitutionally protected interest in obtaining future agricultural loans); Dozier v. Loop Coll., City of Chi., 776 F.2d 752, 753 (7th Cir. 1985) ("[T]here is no substantive right to a subsidized education even through secondary school; perforce there is no right to college education at public expense.") (internal citation omitted). Nor did Alston's complaint plead facts that could have shown that any defendant deprived him of a right recognized under substantive due process "in an arbitrary manner that shocks the conscience[,]" see Mammaro v. N.J. Div. of Child Prot. & Permanency, 814 F.3d 164, 169 (3d Cir. 2016) (citation and internal quotation marks omitted), or deprived him of an interest recognized under procedural due process without constitutionally adequate procedures such as "notice and opportunity for hearing appropriate to the nature of the case[,]" see Schmidt v. Creedon, 639 F.3d 587, 595-96 (3d Cir. 2011) (internal quotation marks omitted).

Alston's Equal Protection Clause claim fares no better. As his claim implicated neither a fundamental right nor a suspect class, Alston was required to plead that he was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). In the amended complaint, however, Alston did not plead sufficiently specific facts concerning the treatment of other similarly situated students in order to set out an Equal Protection claim.

The remaining federal claims were brought under the Americans with Disabilities Act and the Rehabilitation Act of 1972. But Alston did not discuss his disability-

4

discrimination claims in his appellate brief.  For that reason, any challenge to the dismissal of those claims is forfeited.  See Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993).  Moreover, Alston's complaint did not plead facts adequate to allege that the defendants' acts or omissions were taken because of any purported disability on Alston's part.  See Nathanson v. Medical Coll. of Pa., 926 F.2d 1368, 1380 (3d Cir. 1991).

Finally, we are satisfied that any further amendment to the complaint, which Alston did not request, would have been futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).  In addition, because Alston's complaint failed to state a claim based on federal law, it was appropriate for the District Court to decline to exercise supplemental jurisdiction over Alston's state-law claims and to instead dismiss those claims without prejudice to pursue them in state court.  See 28 U.S.C. § 1367(c).

For these reasons, we will affirm the District Court's judgment.